NO. 07-07-0056-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 2, 2007


______________________________



ELIZABETH GUTIERREZ, APPELLANT



V.



ZURICH AMERICAN INSURANCE COMPANY AS SUBROGEE OF


HUNTER INDUSTRIES, INC. AND JOHNNIE HILL, APPELLEES


_________________________________



FROM THE 274TH DISTRICT COURT OF HAYS COUNTY;



NO. 03-1179-A; HONORABLE BILL HENRY, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant Elizabeth Gutierrez attempts to appeal after the trial court issued an order
granting summary judgment against her. However, the trial court's order does not dispose
of all issues before the court. Since the judgment is not final, this court does not have
subject matter jurisdiction. We dismiss for want of jurisdiction.



Background 

 On August 20, 2003, Zurich filed an action against Gutierrez and Miguel Gomez
seeking damages arising from a car accident. Additionally, in its original petition, Zurich
requested pre- and post-judgment interests, court costs, and attorney fees. On July 12,
2006, Zurich filed a Motion to Sever requesting the trial court sever the judgment against
Gomez into a separate proceeding since all causes of action asserted against Gomez had
been disposed. On the same date, Zurich also moved for summary judgment against
Gutierrez. On August 8, the trial court granted Zurich's Motion to Sever and signed a
prepared severance order; however, the trial court exchanged Gutierrez's name for
Gomez's name through most of the prepared order, but not all instances. The resulting
order created a new cause number, 03-1179A and stated that "all causes of action pled
by Plaintiff against Defendant Gomez be severed into a new cause of action with the
following cause number and style: Cause No. 03-1179A; Zurich American Insurance
Company . . . v. Elizabeth Gutierrez . . . ." Additionally, the trial court granted Zurich's
motion on summary judgment against Gutierrez and signed an order awarding Zurich
damages as well as pre- and post-judgment interest. However, the order did not mention
court costs or attorney fees. Gutierrez then filed a motion for new trial on September 7,
and notice of appeal on December 13. 

Law and Analysis

 Subject matter jurisdiction is essential to the authority of a court to decide a case. 
Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex.1993). Subject
matter jurisdiction is never presumed and cannot be waived. Id. at 443-44. Subject matter
jurisdiction may be raised for the first time on appeal. Id. at 445. The issue may be raised
sua sponte by a court, and is a legal question subject to de novo review. See Mayhew v.
Sunnyvale, 964 S.W.2d 922, 928 (Tex.1998). 

 Only in certain instances authorized by statute may appeal be taken from
interlocutory orders. See Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992);
see, e.g., Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2006). An appellate
court without statutory authority to review an interlocutory judgment has jurisdiction only
to determine its jurisdiction and to dismiss the appeal. See Steeple Oil and Gas Corp. v.
Amend, 394 S.W.2d 789, 790 (Tex. 1965).

 To be a final judgment from which an appeal may be taken, the judgment must
dispose of all parties and all issues in the case. See Lehmann v. Har-Con Corp., 39
S.W.3d 191, 205 (Tex. 2001). To determine whether an order disposes of all pending
claims and parties, it may be necessary for the appellate court to look to the record in the
case. Id. 

 In reviewing the record, we conclude that the order entered did not dispose of all
matters and was not intended to be a final order. We conclude that the order from which
appellant has given notice of appeal is not a final judgment and is not appealable.
Therefore, we must and do dismiss the appeal for want of jurisdiction. 


Conclusion

 For the foregoing reasons, we dismiss for want of jurisdiction. 


 Mackey K. Hancock

Justice